UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FT. DEVENS RIFLE & PISTOL CLUB, INC., <br><br> Plaintiff, <br><br> v. <br><br> U.S. ARMY GARRISON FORT DEVENS, <br><br> Defendant | Civil No.: |

## PRELIMINARY STATEMENT

This action involves the Plaintiff, Ft. Devens Rifle & Pistol Club, Inc.'s (hereinafter, the "Plaintiff") access to, and Defendant's challenged fees for use of, firing ranges at the U.S. Army Garrison Fort Devens (hereinafter, the "Defendant" or "USAG Fort Devens"), an installation within U.S. Army Installation Management Command, with headquarters at Devens, Massachusetts. The Plaintiff has used multiple rifle and pistol ranges at USAG Fort Devens, without cost, for many years, in accordance with Federal statutes. However, following promulgation of former Secretary of Defense Mark Esper's June 19, 2020 Memorandum concerning "Reimbursable Activities in Support of Other [non-DoD] Entities," a copy of which is attached hereto as **"Exhibit A"**, Defendant's personnel, in November 2020, notified Plaintiff that beginning in January 2021, and throughout calendar year 2021, Plaintiff would be charged a minimum fee of Two Hundred and Fifty Dollars ("$250.00") per range outing to use firing ranges at Defendant's South Post range complex. Former Secretary of Defense Esper's June 19, 2020, Memorandum, while citing multiple other Federal statutes and regulations, failed to cite 10 U.S.C. § 7409 and 36 U.S.C. § 40721 *et seq.*, and promulgated that Memorandum in derogation

1

of those un-cited statutes. Moreover, that June 19, 2020, Memorandum did not set forth any firing range use charge or fee parameters or guidelines. The calendar year 2021 range use fees Defendant attempted to charge Plaintiff were arbitrary and exorbitant, bearing no relation to the express language of 10 U.S.C. § 7409. In January of 2021, Plaintiff attempted to discover any actual costs incurred by Defendant in providing firing ranges for Plaintiff's use by sending a Freedom of Information Act ("FOIA") Request to LTC Lindsey Halter, then the USAG Fort Devens Commander, a copy of which is attached hereto as **"Exhibit B"**. Thereafter that FOIA request was assigned a case number and Plaintiff was charged, and paid to the United States Treasury, One Thousand and Fifty-Six Dollars ("$1,056.00") the stated estimated search and copying costs for the USAG Fort Devens documents so requested, but the Defendant has failed to produce any of the requested and paid-for documents or document copies. Consequently, Plaintiff hired undersigned counsel and initiated this action in order to vindicate its rights under Federal statutes to have access to the firing ranges for fees that equate to the Defendant's actual costs incurred in providing firing ranges for Plaintiff's use, in accordance with applicable Federal statutes, and also to have its FOIA request honored forthwith.

## I. PARTIES

1. Plaintiff *Ft. Devens Rifle & Pistol Club, Inc.* is a shooting and marksmanship-promoting club incorporated under the laws of the Commonwealth of Massachusetts. Its membership consists primarily of veterans who served honorably in the U.S. Armed Forces.

2. Defendant *U.S. Army Garrison Fort Devens* is a component of the U.S. Army, which itself is a part of the U.S. Government's Executive Branch.

## II. JURISDICTION

3.    Jurisdiction of the Court is invoked pursuant to 28 U.S.C. §§ 1331 (Federal Question), 2201 & 2202 (Declaratory Relief), and 5 U.S.C. § 552 (Freedom of Information Act).

## III. FACTS

4.    Plaintiff club was founded and organized in the early 1990s as an association and later was incorporated in 1996.

5.    From its founding through approximately December 2020, Plaintiff used firing ranges at Fort Devens South Post on a monthly basis, free of charge because Defendant waived any possible nominal fees that it could have charged. Plaintiff furnished all its own certified Range Safety Officers and all its own firearms, ammunition, targets, target spotters, and other related supplies and components.

6.    At all relevant times Plaintiff was, and is now, a certified affiliate of the *Civilian Marksmanship Program* (hereinafter, "CMP"), whose custodian is the Congressionally chartered Corporation for the Promotion of Rifle Practice and Firearm Safety, Inc. Plaintiff is CMP affiliated Club No. 013159.

7.    Prior to the September 2001 terrorist attacks, Plaintiff was permitted to, and did, host many shooting events at Fort Devens South Post, including, but not limited to, Northeast High Power Rifle League matches and the annual Colt Cup Match. Following the September 2001 terrorist attacks Defendant limited the number of privately owned vehicles (POVs) allowed on Fort Devens South Post and refused to grant Plaintiff any more weekend firing range dates.

8.    In or about November 2020, Defendant notified Plaintiff that use of the Defendant's firing ranges during calendar year 2021 would require a minimum fee payment of Two Hundred and Fifty Dollars ("$250.00") per range outing. Plaintiff refused to sign the "General Installation

3

License/License to Use Ranges and/or Training Facilities" prepared by Defendant setting forth that minimum fee amount, Plaintiff citing 10 U.S.C. § 7409 and 36 U.S.C. § 40727.

9.  Title 10 U.S.C. § 7409 provides in pertinent part:

> **a) Ranges available.** All rifle ranges constructed in whole or in part with funds provided by the United States may be used by members of the armed forces *and by persons capable of bearing arms.*
>
> **(b) Military ranges. (1)** In the case of a rifle range referred to in subsection (a) that is located on a military installation, the Secretary concerned may establish reasonable fees *for the use by civilians* of that rifle range *to cover the material and supply costs incurred by the armed forces to make that rifle range available to civilians.*

(emphasis supplied).

Title 36 U.S.C. §§ 40721 *et seq.* are statutes that relate to the *Civilian Marksmanship Program*. In particular, 36 U.S.C. § 40727 mandates that the Secretary of the Army "*shall* provide logistical support" to the CMP for a host of activities (emphasis supplied).

10.  Upon information, believed to be true, Defendant incurs no costs, over and above costs already incurred for Department of Defense activities, in furnishing to Plaintiff firing ranges located at Fort Devens South Post. Moreover, upon information, believed to be true, all USAG Fort Devens firing range operating, maintenance, and repair costs are paid by Congressionally appropriated "Operations and Maintenance (O & M) Funds" and the USAG Fort Devens Range Control civilian DoD employees are paid with "O & M Funds" also.

11.  Attempting to discover documentation that could justify the $250.00 minimum-fee-per-range-outing that Defendant attempted to charge Plaintiff, Plaintiff sent Defendant a FOIA request for relevant documents on or about January 19, 2021.

12.  Defendant, as of the date of this Complaint, has failed to provide the requested and paid-for documents.

4

## IV. CLAIMS

### COUNT 1
### (Violation of 10 U.S.C. § 7409)

13. Plaintiff re-alleges the foregoing paragraphs 1-12 as if set forth again here.

14. Defendant violated 10 U.S.C. § 7409 by attempting to charge Plaintiff unreasonable and exorbitant firing range use fees in excess of Defendant's actual costs to "cover the material and supply costs incurred by the armed forces to make" firing ranges at Fort Devens South Post available to Plaintiff.

### COUNT 2
### (Violation of 36 U.S.C. § 40727)

15. Plaintiff re-alleges the foregoing paragraphs 1-14 as if set forth again here.

16. Defendant violated 36 U.S.C. § 40727 by failing to "provide logistical support" to the Plaintiff, a certified affiliate of the Civilian Marksmanship Program.

### COUNT 3
### (Violation of Due Process and Equal Protection)

17. Plaintiff re-alleges the foregoing paragraphs 1-16 as if set forth again here.

18. Defendant violated Plaintiff's constitutional rights of due process and equal protection and treatment under the laws of the United States by denying Plaintiff its rights under 10 U.S.C. § 7409, 36 U.S.C. § 40727, and the Freedom of Information Act.

### COUNT 4
### (Violation of 5 U.S.C. § 552)

19. Plaintiff re-alleges the foregoing paragraphs 1-18 as if set forth again here.

20. Defendant has failed to provide the Plaintiff with the documents requested in Plaintiff's Freedom of Information Act request, already paid for by Plaintiff, within the time allowed in said FOIA.

**WHEREFORE,** Plaintiff requests the following:

## V. RELIEF

A. A declaration that Plaintiff's statutory rights have been violated.

B. A declaration that Plaintiff's constitutional rights have been violated.

C. An order directing Defendant to allow Plaintiff use of its firing ranges, in accordance with past practices, for only the demonstrated *material and supply costs incurred by the armed forces to make [its] rifle range[s] available to* Plaintiff.

D. Award Plaintiff reasonable attorney fees and costs of this action.

E. Such other and further relief that to the Court seems just, proper and equitable.

Respectfully submitted,
The Plaintiff,
Ft. Devens Rifle & Pistol Club, Inc.,
By its attorneys,

DATED: August 9, 2022

*/s/ Richard C. Chambers, Jr., Esq.*
Richard C. Chambers, Jr., Esq.
BBO#: 651251
Chambers Law Office
220 Broadway, Suite 404
Lynnfield, MA 01940
Office: (781) 581-2031
Cell: (781) 363-1773
Fax: (781) 581-8449
Email: Richard@chamberslawoffice.com