UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FT. DEVENS RIFLE & PISTOL CLUB, INC.,<br><br>Plaintiff,<br><br>v.<br><br>U.S. ARMY GARRISON FORT DEVENS,<br><br>Defendant. | No. 1:22-cv-11288-RGS |

**DEFENDANT'S MOTION TO AMEND SCHEDULING ORDER**

Defendant United States Army Garrison Devens Reserve Forces Training Area ("Defendant")[1] respectfully moves to amend the Court's scheduling order (ECF No. 26) to proceed on an administrative record rather than through reciprocal discovery. *See Atieh v. Riordan*, 727 F.3d 73, 75 (1st Cir. 2013) (explaining that where the Court's jurisdiction "arises under" the Administrative Procedure Act, "judicial review of the agency's decision must proceed on the administrative record"). In support of this motion, Defendant states:

1. On August 9, 2022, Plaintiff Ft. Devens Rifle & Pistol Club, Inc. ("Plaintiff") filed its initial complaint. Compl. (Aug. 9, 2022), ECF No. 1. Plaintiff's complaint asserted statutory and constitutional claims, as well as a claim under the Freedom of Information Act ("FOIA"), all of which related to Defendant's alleged charging of unreasonable fees for Plaintiff to use Defendant's firing ranges. *See generally id.*

2. On March 15, 2023, Defendant moved to dismiss all but Plaintiff's FOIA claim. Def.'s Partial Mot. to Dismiss (Mar. 15, 2023), ECF No. 9. Defendant took the position that sovereign immunity precluded Plaintiff's two statutory claims because Plaintiff had not invoked

---

[1] Although Plaintiff sued U.S. Army Garrison Fort Devens, Defendant's formal name is United States Army Garrison Devens Reserve Forces Training Area

the Administrative Procedure Act ("APA") as a jurisdictional basis for those claims.  Mem. in Support of Def.'s Partial Mot. to Dismiss (Mar. 15, 2023), ECF No. 10 at 1, 4-6.  Defendant further asserted that Plaintiff insufficiently plead its constitutional claims.  *Id*. at 1.  Plaintiff opposed the motion to dismiss.  Pl.'s Opp. to the Def.'s Partial Mot. to Dismiss (May 4, 2023), ECF No. 14 at 1.

3. On May 4, 2023, the Court allowed Defendant's partial motion to dismiss in its entirety, without prejudice to Plaintiff's filing a motion for leave to amend the complaint.  Electronic Order (May 4, 2023), ECF No. 15.  The Court dismissed Plaintiff's two statutory claims for failure to plead the APA as a jurisdictional basis.  *Id*.  The Court also dismissed Plaintiff's constitutional claims as "insufficiently plead."  *Id*.

4. On May 17, 2023, Plaintiff moved for leave to file an amended complaint.  Mot. for Leave to File an Am. Compl. (May 17, 2023), ECF No. 19.  Unlike the original complaint, the amended complaint referenced the APA as providing jurisdiction for Plaintiff's two statutory claims.  *Id*.; Am. Compl. (May 17, 2023), ECF No. 19-1, ¶ 3.

5. Defendant opposed Plaintiff's motion for leave to amend, but only in part.  Def.'s Partial Opp. to Pl.'s Mot. for Leave to File an Am. Compl. (June 14, 2023), ECF No. 22.  "Since the proposed amended complaint now invoke[d] the [APA] as a waiver of sovereign immunity," Defendant did "not oppose Plaintiff's motion to amend the complaint as it" related to Plaintiff's two statutory claims.  *Id*. at 4.  On the other hand, Defendant opposed the motion for leave to amend as futile to the extent it sought to amend Plaintiff's constitutional claims.  *Id*. at 1.

6. On June 23, 2023, the Court allowed Plaintiff's motion to amend as to its two statutory claims and its FOIA claim, but denied Plaintiff's motion insofar as it sought to amend Plaintiff's constitutional claims.  Electronic Order (June 23, 2023), ECF No. 23.

7.      Plaintiff has since filed the amended complaint, alleging two statutory claims and a FOIA claim, and Defendant has answered.  First Am. Compl. (June 26, 2023), ECF No. 24; Def.'s Answer to Pl.'s Am. Compl. (July 14, 2023), ECF No. 25.

8.      On July 14, 2023, the Court entered a case schedule that contemplates reciprocal discovery, including service of initial disclosures and written discovery requests.  Electronic Order (July 14, 2023), ECF No. 26.  The deadline to serve initial disclosures is August 7, 2023. *Id*.

9.      Defendant respectfully submits that reciprocal discovery is inappropriate in this case.  Instead, the Court should resolve Plaintiff's two statutory claims on the administrative record since those claims challenge agency action based on jurisdiction under the APA.  Given that the Court dismissed Plaintiff's statutory claims in its original complaint for failure to invoke the jurisdiction of the APA, those claims are proceeding in the amended complaint only under APA jurisdiction.

10.     Where, as here, the Court's jurisdiction "arises under the judicial review provisions of the APA, . . . judicial review of the agency's decision ***must proceed on the administrative record***." *Atieh*, 727 F.3d at 75 (emphasis added).  Under the APA, subject to exceptions not relevant here, the "focal point for judicial review" of agency action "should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 141-42 (1973); *accord Atieh*, 727 F.3d at 76; *see also, e.g., Bradley v. Weinberger*, 483 F.2d 410, 415 (1st Cir. 1973) (holding that judicial review of agency action is "a re-view, a second look at the same material, not a re-doing").  Although de novo review of agency action is appropriate "where there are inadequate factfinding procedures in an

3

adjudicatory proceeding, or where judicial proceedings are brought to enforce certain administrative actions[,]" neither circumstance applies here. *Camp*, 411 U.S. at 141-42.

11. The First Circuit has highlighted the "strong policy reasons" behind limiting judicial review of agency action to the administrative record, including (1) avoiding after-the-fact "rationalizations" of agency decisions; (2) limiting judicial review to the "proper role" of evaluating an agency's action "in light of the information it confronted"; and (3) conserving judicial resources. *Bradley*, 483 F.2d at 414-15 (internal quotations omitted).

12. Accordingly, Defendants propose amending the Court's scheduling order as set forth below:

    A. **Objections to FOIA Requests:** Any objections to Plaintiff's FOIA requests must be made by August 30, 2023.

    B. **Administrative Record:** Defendants must file the administrative record by September 6, 2023.  The administrative record shall include Defendant's responses to Plaintiff's FOIA request.

    C. **Motion to Supplement the Record or for Extra-Record Discovery:** Any motion to supplement the administrative record or for extra-record discovery must be filed by October 6, 2023.

    D. **Motion to Compel FOIA documents:**  Any motion to compel FOIA documents must be filed by October 6, 2023.

    E. **Dispositive Briefing.**  If Plaintiff does not move to supplement the record, for extra-record discovery, or to compel FOIA documents, then any dispositive motion is due November 6, 2023, with any opposition due November 27, 2023.  If Plaintiff does move to supplement the record, for extra-record discovery, or to compel FOIA documents, then any dispositive motion is due January 26, 2024, with any opposition due February 16, 2024.

Dated: August 2, 2022                                          Respectfully submitted,

                                                                                JOSHUA S. LEVY
                                                                                Acting United States Attorney

                             By:      */s/ Julian N. Canzoneri*
                                                                              Julian N. Canzoneri
                                                                                Assistant U.S. Attorney
                                                                                U.S. Attorney's Office
                                                                                John Joseph Moakley U.S. Courthouse
                                                                                One Courthouse Way, Suite 9200
                                                                                Boston, Massachusetts 02210
                                                                                (617) 748-3170
                                                                                julian.canzoneri@usdoj.gov

## LOCAL RULE 7.1 CERTIFICATION

      I, Julian N. Canzoneri, hereby certify that, pursuant to L.R. 7.1(a)(2), I conferred with Plaintiff's counsel about this motion on July 19, 2023, at which time he reported needing to confer with his clients about their position. I understand that, soon thereafter, Plaintiff's counsel unfortunately suffered a death in his immediate family. Understandably, therefore, it has been difficult for the parties' counsel to connect to confer about this motion. Nevertheless, I learned today from Plaintiff's counsel's office that Plaintiff opposes this motion.

Dated: August 2, 2023                                          */s/ Julian N. Canzoneri*
                                                                                Julian N. Canzoneri
                                                                                Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the above document was served upon the attorneys of record by means of the Court's Electronic Case Filing system on August 2, 2023.

                                                                                      */s/ Julian N. Canzoneri*
                                                                                      Julian N. Canzoneri
                                                                                      Assistant U.S. Attorney