UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| FT. DEVENS RIFLE & PISTOL CLUB, INC., | ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 22-cv-11288-MJJ |
| Plaintiff, | | |
| v. | | |
| U.S. ARMY GARRISON FORT DEVENS, | | |
| Defendant. | | |

ORDER ON PLAINTIFF'S MOTIONS
[Docket Nos. 56, 57, 68, 69]

May 16, 2024

Boal, M.J.

In this action, plaintiff, Ft. Devens Rifle & Pistol Club, Inc., has filed claims under the Administrative Procedures Act ("APA"), and the Freedom of Information Act ("FOIA") against defendant, U.S. Army Garrison Fort Devens (the "Army"). Plaintiff has filed three discovery motions and a motion to unseal part of the administrative record. Docket Nos. 56, 57, 68, 69.[1]

I.   BACKGROUND

Plaintiff has filed suit against the Army as a result of charges imposed for Plaintiff's use of the Army's rifle and pistol ranges in accordance with former Secretary of Defense Mark Esper's June 19, 2020 Memorandum concerning "Reimbursable Activities in Support of Other [non-Department of Defense] Entities" (the "Memorandum"). Docket No. 24 at 1. Plaintiff contends that the Memorandum was promulgated in derogation of two federal statutes, 10 U.S.C.

---

[1] Judge Joun referred all pretrial matters to the undersigned on February 9, 2024. Docket No. 53.

§ 7409 and 36 U.S.C. § 40721 *et seq.*, and that the charges imposed by the Army are arbitrary and capricious. *Id.*, at 1-2. Additionally, Plaintiff filed a FOIA request to discover any actual costs incurred by the Army relating to the use of firing ranges by Plaintiff and its members. The Army did not respond to Plaintiff's FOIA request. Plaintiff is seeking a declaratory judgment that its rights have been violated and an order directing that the Army provide Plaintiff and its members access to the firing ranges for fees that equate to actual costs incurred by the Army in providing the same, and to have its FOIA request honored. Docket No. 24 at 6.

On February 16, 2024, the Army filed the administrative record for this case ("Administrative Record"), with a portion filed under seal in accordance with this Court's prior order. Docket No. 55. On March 15, 2024, and April 22, 2024, the Army filed on the public docket some previously sealed portions of the Administrative Record. Docket Nos. 65, 75. The Army has redacted those portions of the Administrative Record on the basis that they contain confidential information. Plaintiff has filed motions to serve the Army with interrogatories, requests for admissions, and to compel production of emails, all seeking information which is not contained in the Administrative Record. Docket Nos. 56, 68, 69. Plaintiff has also filed a motion seeking to have the Army file unredacted copies of its contract for portable toilets (and any related modifications) on the public docket. Docket No. 57.

On March 15, April 2, and April 22, the Army opposed the motions. Docket Nos. 64, 73, 74, 76. This Court heard oral argument on May 9, 2024. For the following reasons, the motions are denied.

II.   ANALYSIS

   A. The Motions For Extra Discovery - Docket Nos. 56, 68, 69

Plaintiff seeks to supplement the Administrative Record by serving 10 interrogatories and

19 requests for admissions on the Army. Docket Nos. 56, 69. Plaintiff alleges that such extra-record discovery is necessary to establish its standing, to show the Army's bad faith and improper behavior, and for "transparency." Plaintiff also seeks to have the Army disclose the emails of Major Elizabeth Boggs ("Magor Boggs") alleging that there is evidence that she was involved in a series of emails concerning the firing range fees charged by the Army yet none of those emails are contained in the Administrative Record. Docket No. 68.

1. Standard Of Review

Where the plaintiff brings an APA challenge to decisions of a federal agency, in making its decision, the court's review is presumptively limited to the administrative record in existence at the time of the agency decision. *See Camp v. Pitts,* 411 U.S. 138, 142 (1973) (the "focal point" of the reviewing court should be the administrative record already in existence, not some new record created after suit is brought). The administrative record consists of all documents and materials directly or indirectly considered by the agency decision-makers. *See Thompson v. United States Dept. of Labor*, 885 F.2d 551, 555 (9th Cir. 1989).

There are exceptions which permit supplementation of the administrative record where: (1) additional information is necessary to determine whether the agency has considered all relevant factors and explained its decision, *i.e.*, to assist in judicial review; (2) the agency has relied on documents/information which are not part of the administrative record; (3) supplementing the record is necessary to explain technical terms or complex subject matter; or (4) where the plaintiff establishes that the agency has acted in "bad faith" (so without discovery the administrative record cannot be trusted). *See Sierra Club v. United States Army Corps of Engineers,* No. 2:20-CV-00396-LEW, 2022 WL 2953075, at *7 (D. Me. July 26, 2022); *see also City of Taunton, Massachusetts v. United States Env't Prot. Agency,* 895 F.3d 120, 127 (1st Cir.

2018) (First Circuit has recognized a pair of situations in which courts have the discretion to supplement the agency record: First, supplemental evidence may be considered to facilitate the court's comprehension of the record or the agency's decision, and second, a "strong showing of bad faith or improper behavior" may also provide occasion to permit supplementation of the record). However, "[s]upplementing the administrative record on judicial review is . . . the exception, not the rule, and is discretionary with the reviewing court." *Town Of Winthrop v. F.A.A.*, 535 F.3d 1, 14 (1st Cir. 2008).

      2. <u>Whether Extra Record Discovery Is Warranted</u>

As to Plaintiff's request for interrogatories and admissions regarding standing, the parties' submissions make clear that Plaintiff has standing to assert its claims. Moreover, counsel for the Army confirmed at the hearing that it is not contesting Plaintiff's standing. Therefore, such requests are denied. Plaintiff's remaining requests for interrogatories and admissions relate to the Army's expenditure of funds for the upkeep of its firing ranges. Plaintiff's suggestion that the Army has acted in bad faith in setting the firing range fees and that disclosure is necessary to ensure transparency fall far short of making the strong showing necessary to meet its burden to establish that extra-record discovery is warranted. Accordingly, Plaintiff's motions to serve the Army with interrogatories and admissions are denied.

Plaintiff also requests that this Court compel the Army to disclose all emails sent, received, and/or forwarded by Major Boggs "concerning this matter" as well as all emails sent by Major Boggs to all non-commissioned officers, civilian employees, or civilian agents assigned to or employed by the Army, and all emails from such persons to Magor Boggs. Docket No. 68 at 2. Plaintiff seeks such emails based on a single email contained in the Administrative Record which includes a header containing Major Boggs's name. *See* Docket No. 73 at 1-2. Based on

that email, Plaintiff speculates that Magor Boggs likely took part in decisions regarding the fees the Army charged it for use its firing ranges. Docket No. 68 at 1. Little discussion of this request is warranted -- the Army has represented that Major Boggs is agency counsel in this litigation and was not involved in in any of the agency decisions pertaining to Plaintiff's claims. *See* Docket No. 73 at 1. Accordingly, the motion is denied.

 B. <u>The Motion To Unseal - Docket No. 57</u>

As part of the Administrative Record, the Army has filed its contract and related modifications for the portable toilets it rents and locates near its firing ranges -- part of the charges imposed on Plaintiff are to cover the costs of the portable toilets. Plaintiff contends that in the interests of justice and the need for transparency, fully unredacted versions of the contract and related modifications should be filed on the public docket. Docket Nos. 57, 77. The Army contends that the contracts and modifications contain confidential trade secret information of a third-party vendor relating to its pricing which should remain redacted on the public docket (such information, if made public, would provide an advantage to the third-party vendor's competitors).[2] Docket No. 76.

 1. <u>Standard Of Review</u>

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnotes omitted). "While this right is not absolute, 'only the most compelling reasons can justify non-disclosure of judicial records that come within the scope of the common-law right of access.'" *Scalone-Finton v. Falmouth Public Schs.*, No. 1:21-cv-11792-

---

[2] At the hearing, the Army conceded that it had improperly redacted information relating to the quantity and units of portable toilets. The Army will be filing updated versions of these documents with this information unredacted.

JEK, 2024 WL 126002, at *1 (D. Mass. Jan. 11, 2024) (citation to quoted case omitted). However, "[e]very court has supervisory power over its own records and files," and "courts have refused to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

      2. <u>Whether The Portable Toilet Contract And Related Modifications Should Be Unsealed</u>

Protecting the third-party vendor's trade secrets (its pricing information) is a compelling reason to redact unit-pricing and bidding-strategy information in the portable toilet contract and related modifications sufficient to overcome the presumption of the public's access to court proceedings. Accordingly, the motion is denied.

III.    <u>ORDER</u>

For the foregoing reasons, this Court denies: (1) Plaintiff's Motion to File Interrogatories (Docket No. 56); (2) Plaintiff's Motion to Unseal Defendant's Portable Toilet Contract (Docket No. 57); (3) Plaintiff's Motion to Compel Production of Emails to/from a JAG Officer (Docket No. 68); and (4) Plaintiff's Motion for Leave to File Admissions (Docket No. 69).

                                                  /s/ Jennifer C. Boal
                                                  JENNIFER C. BOAL
                                                  U.S. MAGISTRATE JUDGE